Court is now in session Okay. Thank you. Welcome everyone to this session. We appreciate you being here and Just a reminder that you are not permitted to photograph videotape audio tape this proceeding as Well when you are talking about the record, we appreciate citations to the record and finally rebuttal is for rebuttal only With that and remember to mute yourself when you it's not your turn but to unmute yourself when it is your turn We're not very good at lip-reading Okay with that we will begin with mr. Parker on behalf of the city of Schertz Yes, thank you your honor good afternoon and may it please the court My name is James Parker and I represent the appellant the city of Schertz The central issue before the court in this case is whether the court's 2017 decision in Green Valley Special Utility District versus city of Cibolo Remains good law in light of more recent Supreme Court precedents and also in light of the en banc courts decision in Green Valley Sud versus city of Schertz. Oh I'm glad you got right to the point I was on the en banc court as my colleagues were I joined an opinion saying that Cibolo should be overruled but I think only maybe four of my colleagues joined that opinion Maybe five in total. So we decide I mean, you know, I wish it had been different but You know, it's still good law At least to the extent that it is not inconsistent with North Alabama So so I guess my question that that that's that's not much of a question. My question is to what extent does your argument depend on? Cibolo being bad law because I mean, it's still good Right. Well Respectfully your honor. I Think we would disagree with that in light of more recent Supreme Court precedent in Nielsen versus pre-op and in Cochise consultancy versus United States Cibolo is a statutory interpretation case and Now it happens to be that the statute that it was interpreting is 1926 B but it is a statutory interpretation case and from Cibolo comes the rule of statutory interpretation and I'll quote here that Congress's use of the is not decisive The Supreme Court in those two cases decided within the last 18 months has expressly rejected the Cibolo rule of statutory construction in Both cases have held that When Congress uses the direct article V followed by a single noun Here, it's the service that Congress uses that language purposefully and we have to apply the plain meaning and that means a single specific particular service in Nielsen it was the alien under the Immigration and Nationality Act the alien who Has to is subject to the mandatory detention provisions in that statute and the Supreme Court held that the alien is The alien who is defined in the previous subsection. I don't Don't recall. Did those cases come out after our own bank decision and I know your honor. They're they're not after the en banc decision there before the en banc decision, but the en banc decision Didn't do anything with respect to Cibolo it didn't Overturn Cibolo. It didn't confirm Cibolo. It just said in footnote 39. We're not reaching Cibolo. And so the issue of Cibolo is Something that needs to be saved for another day because we don't need to get there in this case. Well, but today is that day So the the en banc court didn't get into Nielsen didn't get into Cochise County because it was enough to overturn the district courts decision in GV Sud Oh, go ahead. I just I just didn't remember if Chief Judge Owens Partial dissent that I joined that would have overruled Cibolo. Did she did she discuss these cases? Your honor. She did not She didn't discuss the case. She came to the same decision independently, which I think is a very clear and straightforward reading of the statute that When you have the direct article and a singular noun that means one And and that was that was not reached By the en banc court because it was enough to overturn the district courts decision In GV Sud simply because it applied The wrong standard it applied North Alamo Rather than the pipes in the ground Standard but but had it gotten there But was there anything in Cochise or Nielsen that said well, we're announcing a new rule 240 years down the road We have a new way of looking at what the word the V means Or were they simply applying many many years of precedent to the particulars of that case? I You know your honor. I think that's a a good question It doesn't really cite a neither case cites a whole lot of precedent for the the concept that The use of the direct article following a single noun is decisive It doesn't cite a long line of cases going up to it. It actually cites Justice Scalia's and and Brian Gardner's treatise on reading statutes so From that standpoint, I would say yes, it is a new rule and it is very unequivocal and from that standpoint Nielsen in particular is Perhaps new from the standpoint that it very clearly says that The alien the direct article followed by the singular noun that's determinative and that is directly contrary to the rule of statutory construction that was That was written by in the Cibolo decision What judge Duncan was asking you regarding the en banc opinion Is it your position that though the opinion says where we don't get to Cibolo today You believe the en banc majority opinion not judge Owens opinion, but the majority opinion Legally licenses and authorizes this panel to take up Now what was what was put aside at that time? In other words rule in your favor based upon the en banc majority opinion. Yes, your honor the en banc majority opinion Even aside from Nielsen and aside from Cochise County Kicks the foundation out from under Cibolo Cibolo rests on the inference that it takes from North Alamo North Alamo says that 1926 B gets a liberal interpretation and from that the Cibolo case decides that we're going to take that literal interpretation and we're going to Create a tie goes to the runner rule on 1926 B It says that this is a close rule of statutory interpretation. I Think in light of Nielsen and Cochise County, it's no longer a close Question of statutory interpretation, but it says this is a close issue of statutory interpretation in this close call the tie goes to the runner the en banc court Kicked that foundation out from under the Cibolo decision and is very clear that There is no tie goes to the runner rule on 1926 B that the court is bound by the plain language of The statute here the plain language of the statute protects the service That is provided or made available That is a single particular service and There's there's no tie goes to the runner in light of Nielsen and in light of Cochise County That means one service and it's the service. Let me explain a little bit about the rule of orderliness, which is that There has to be an intervening change in law when the Supreme Court clearly did not decide a 1926 issue in these other cases. It was a totally different statute. They're looking at B They had talked about the before at least in work versus us 262 us 200 a 1923 case so many years before We recognized in Cibolo that they had talked about the before. It wasn't something new And the Supreme Court decisions in Cochise and Nielsen were other statutes I'm not saying that's irrelevant, but I'm saying that for the rule of orderliness you need a pretty explicit Overturning of our decision and not just we would guess the Supreme Court might go the other way Of course since they denied cert in Cibolo But anyway that we would guess they would go the other way that gives us the right as a panel to overturn a prior decision So regardless of whether Cibolo was right We need more than just a guess that the Supreme Court's kind of getting more Careful about their textual analysis of statutes than they were before That's not enough to give us the right to overturn a prior decision whether we agree with it or not. Well, I Certainly understand that and appreciate that your honor and I'm not respectfully not asking the court to do anything radical and certainly not asking the courts to Reject the rule of orderliness What I'm asking the court to do is follow the Supreme Court precedent in 2019 and and understanding that there were previous Cases that talked about the direct article. However, I think These cases from 2019 Nielsen and Cochise County are far more unequivocal And and far more specific than what came previously To the point that If Cibolo were to come out were to come up to the court today for the first time It would not be a close call In light of those Supreme Court decisions the court Would not adopt the rule of statutory construction that it adopted in 2017 the court in 2017 was very specific and had a very specific holding that Congress's use of the is not decisive That holding has been rejected By the Supreme Court that that decision has been rejected by the Supreme Court admittedly on other on other statutes But within those statutes we're talking about the same thing we're talking about the direct article and so The the the rule on which Cibolo rests has been soundly rejected by the Supreme Court and Schertz is not asking the court to Reverse Cibolo to reverse that rule adopted by the Cibolo court. I Supreme Court has already done that for Well, and to apply Supreme Court precedent. Let's look at some options here Let's assume that we don't agree with you and that this panel is bound to apply Cibolo meaning that the the 1926 be monopoly protection Applies both to water and wastewater. Does that mean that you lack a Recognizable injury under article 3. I Really hate your honors hypothetical, but yes in your in your honors hypothetical. Yes, that's correct the hateful hypothetical. I mean I agreed with Join the dissenting opinion you like It's hard for me to make this hypothetical. I joined chief judge Owens and I wish all my colleagues had joined that But they didn't you know So so if we're bound by it, I think it means I think it means you don't have standing Of course That doesn't mean that you can't seek on bonk on Cibolo and it also doesn't means that you you could also seek sir Because there is a circuit split Yes, your honor Yes, we we could do all of those things your honor that's right However, I think a critical part in chief judge Owens Opinion the part in which she dissented actually was the the point of Why should the court require that I think in light of the Supreme Court president in light of the en banc courts Decision that there's not a tie goes to the runner rule. I think it's it's apparent To everybody that Cibolo is no longer good law that we should apply the Supreme Court Crescent and so Requiring the Supreme Court to intervene and revolve resolve the circuit splits is wasteful to waste judicial resources and and it's unnecessary when In light of that Supreme Court precedent and in light of the en banc decision there shouldn't be a circuit split to begin with So, you know the Supreme Court that's what they do right there resolve circuit splits It is your honor, but I wouldn't we all feel better if we made their lives just a little bit easier today Oh, that's not our job Yes, yes your honor I certainly understand that I see my my time has quickly expired. And so I'll leave the remainder of my time for rebuttal unless the court has any further questions. Thank you. Okay, thank you. We'll turn to Miss noble Thank you. May it please the court. My name is Leanne noble and I represent the United States Department of Agriculture and Rural Utility Service. Green Valley and Schertz have been embroiled in a years-long territorial dispute over their respective rights to provide water and wastewater services. Schertz has now brought the USDA into the fray challenging the agency's actions under the Administrative Procedure Act. This court should affirm dismissal of Schertz's APA claims against the USDA for four independent reasons. First, as the district court held Schertz lacks constitutional standing because it is not alleged an actual or imminent injury redressable by a judgment in Schertz's favor. And to this point, for the record, Judge Duncan, I did like your hypothetical as the constitutional standing question. Since you bring it up. Yes. You make arguments about final agency action, your position is there's been no final agency action. That's correct, your honor. We can talk about that. But my, I guess my question is, if, let's say, hypothetically, we decided there was no constitutional injury because of the of the Cibolo case. Do we, do we have to reach the final agency action? It's just not clear to me whether we actually have to reach that issue or as an alternative ground. There, there is an alternative ground actually within constitutional standing. Importantly, the district court did not more its constitutional standing a decision only to the Cibolo the Cibolo case. It also more to its constitutional standing decision to the well settled Supreme Court precedent of Lujan versus defenders of wildlife. And as the court knows and Lujan the Supreme Court held that near someday allegations near someday intentions without any description of what those concrete plans are. And even without an approximate date of when that someday would occur are simply insufficient to support a finding of actual imminent injury. And here the district court actually enumerated what types of factual allegations Schertz could have pleaded that Schertz could have pleaded to satisfy this burden. It could have described the concrete plans that it had for development where those plans were to take place and how the contemplative loan would affect The question is, there are two jurisdictional issues. One about the final agency action. One about the constitutional standing. Do we have to reach both if we find a lack of jurisdiction on one? I believe so, Your Honor, if you The lack of finality is a question of subject matter jurisdiction. It's something that cannot be waived if the court finds Standing and so we we don't have to doubly lack jurisdiction. So if we find a lack of standing. Are we done or did is that issue of the finality of Pre prelude or it's something we have to decide before. In other words, you cannot you cannot waive subject matter jurisdiction, but you don't have to decide 10 different versions of it so Apologize. I understand the question. Now, Your Honor. And the question is the answer is no. If the court determines that it lacks constitutional standing. Under civil or under the alternative argument that I just presented as to under illusion, then it need not reach finality and it need not reach our other arguments of prudential standing Yeah, because it could be a tricky the final agency action strikes me as a tricky one because I mean, what your, your argument. You can correct me if I'm wrong. Your argument is there's still things to do with respect to the loan. Right. I mean, at this point, can, can the federal government can the USDA sort of say no, we're not going to go ahead with a loan. It can, Your Honor, the USDA presented a declaration that's it's on record on appeal 189 through 191 That provides the laundry list of decision points that remain to be made the question before the court on under finality is whether the agency's action constitutes consummation of the agency's decision making process. And here there are a number of decision points that remain to be made the best case on this point is the Louisiana State versus US Army Corps of Engineers case. And the reason that's on point here is because the the kind of sticking point for this court. In Louisiana State versus US Army Corps of Engineers was the fact that they're The Army Corps of Engineers contemplated executing third party contracts before the project could commence In the same vein here USDA expects Green Valley to execute third party contracts and the USDA must not only review those it must approve those it must concur in those And so here as in Louisiana State versus US Army Corps of Engineers, there's no final agency action sufficient to waive sovereign immunity. It is the case, I gather that the loan hasn't closed. That's correct, Your Honor. We've now been able to touch on the first two points, which is constitutional standing and lack of finality the and just this back to the roadmap again the the third and fourth independent bases for Affirming dismissal in this case or lack of prudential standing, even if the court finds that it has subject matter jurisdictions Schertz lacks prudential standing Because Schertz's complaint amounts to generalized grievance and Schertz lacks prudential standing because it's it's claim falls outside of the zone of interest intended to be protected by section 1926b I do want to focus on the constitutional standing argument because significant amount of attention and time has been spent To the correctness or incorrectness of the Cibolo decision, of course, as Judge Haynes and Judge Duncan, I believe, Judge Englehart also pointed out Under the rule of orderliness, this court cannot, this court is bound by the Cibolo decision and under Cibolo Green Valley's 2003 water loan provided federal protection to Green Valley's territory, even as to its wastewater services. And as to the Lujan point, the absence of the factual allegations, the absence of concrete plans, the absence of allegations of how the contemplated loan would affect Schertz's Interests that alone is is actually sufficient to affirm the district court's dismissal for lack of constitutional standing and that disposition, to the extent that this is Is attractive to the court, that disposition makes it unnecessary to consider whether Cibolo is correct or incorrect. It makes it unnecessary for this court to weigh in on whether Cibolo was correct or incorrect. So the court can affirm Based on Schertz's failure to plead with specificity its concrete plans. I'm moving now. I'm kind of jumping around here, but moving now to the prudential standing arguments. These are the alternative arguments upon which this court can actually affirm, even though the district court did not reach that, of course, under Moncrief, the court can affirm On an issue that the district court cannot reach or did not reach. Schertz's complaint amounts to a generalized grievance and therefore it's it lacks prudential standing. The court need look no further than Schertz's complaint and its appellate briefs to see that this lawsuit is at bottom, an attempt, it's a procedural foothold to try to dismantle the 1926b protections That that Schertz's competitor enjoys. Schertz is asking the court to wade into the arena of the representative branches of government and this court should decline that invitation. Fourth, and finally, the court should affirm judgment in favor of USDA and against Schertz because Schertz failed the zone of interest test under Clark, the Supreme Court. Has stated that the court should exclude plaintiffs whose suits are more likely to frustrate rather than further statutory objectives. And this court has held that the statutory objectives of section 1926b are to encourage rural water development by expanding the number of customers. That would get to use those rural systems. And here, of course, Schertz is seeking not to expand the number of potential users to Green Valley's rural system, but rather to The case of Beckham County Rural Water District versus Elk City out of the Western District of Oklahoma is provides a compelling analysis of the zone of interest test that that the United States believes provides a nice roadmap for how the court could affirm on that basis. And finally, I will note that the city of Schertz has has posited that this court cannot affirm in a way that would expand the USDA's rights provided in the judgment. Of course, this court has held that it can affirm It can modify a district courts judgment in the case of And in the in the case of Alexander versus Trump. This court affirmed a dismissal the district courts dismissal and APA case was for lack of subject matter jurisdiction and this court affirmed modifying the judgment to be one for failure to state a claim on the merits. Thank you, your honors. Okay, thank you, Mr. Terrell. May it please the court. I'm Paul Terrell and I'm here on behalf of Green Valley Special Utility District, which I'll refer to as Green Valley. I want to start by Making a comment on the Article Three jurisdiction. I agree with Ms. Noble's comments that if the court lacks Article Three jurisdiction understanding there's no need to reach the question of final agency action. As Judge Haynes appropriately put it, you don't have to doubly lack subject matter jurisdiction. I do want to comment on Schertz's statement that intervening Supreme Court authority makes this case. A candidate for for Getting out of the ordinary rule of order orderliness and I'll make a couple of comments on that. The first is if Schertz actually believed that then after the en banc decision. In which Judge Duncan and several others wanted to overrule Cibolo they would have appealed that case to the Supreme Court. And had the Supreme Court take the issue that it had already denied cert in Previously when Cibolo took the case up. The argument regarding the is a is an argument that has been there from literally the first pleading That's been filed and it's the same argument that's been made in several different instances, including very extensively in the en banc briefing and argument. So there's nothing new about the the definitive Article argument and it's just a rule of statutory interpretation that in this case conflicts with Another rule of statutory interpretation, which is the singular imports the plural where it's appropriate. And these are just conflicting rules of statutory interpretation. They've been they've been raised at multiple stages in both the Cibolo case and then in the Schertz case that went en banc and then here again. I understand that Schertz is dissatisfied with the Cibolo decision, but it is binding on this panel as I see it. I don't think you discussed it in your brief. So tell me what your response is to the argument that that changed the world. And so we're not bound by rule of order in this anymore. Couple of things. First is that they are just ordinary rules of statutory interpretation case cases, neither of those cases. Stands for the proposition that when the word the appears in any statute, not just those statutes, but that in any statute. It always controls the outcome of the case those cases just do not stand for that proposition. What those both of those cases are Are examples of cases where you look at the words in the context of the statute and you apply rules of statutory interpretation in this instance, they want to use the in a way That hooks into words that they would like to write into the statute, but which the panel and Cibolo correctly said are not there. As you know, Judge Haynes, you may remember from the unanimous opinion in that case, Judge Smith said the words that Cibolo and now Schertz want to write into the statute simply are not there. And so attaching the significance Facet this this use of the term that the isn't decisive wasn't period. End of story. It was because in that case, the three possible constructions of the statute. That panel concluded all would come out the same way with the argument that was being asserted on the that's what it meant. It didn't mean the never matters. Oh my gosh. These and irrelevant concept and wall. So we find out it is relevant in these later Supreme Court cases. I mean that again, you have to look at the context of what the panel was saying. And we didn't just say the is never decisive. Have a nice day. And then the Supreme Court changed that In fact, we were aware that the matters. And so again, you can agree or disagree with Cibolo, but it's not like we came up with some statement that was clearly refuted later. To couldn't have said it better myself and and the fact that the The fact that the argument has been made from the first time any pleading has been filed in both the Cibolo case and the Schertz case just stands for the basic proposition that the In front of a word in this case. And now is one of the rules that you use of statutory interpretation and that there's nothing remarkable about the Nielsen or code cheese cases, all of those arguments have been hashed and rehashed and and look, I'm happy to re argue the merits of Cibolo if the court wants to, but I I don't see the profit in it, frankly. Well, I mean, the fact is, we've all had a chance to look at it. And the question is, are we bound by it because if we are, it doesn't really matter what we think of it, at least at this stage. Right. And the answer to that is yes. And the, the two cases that they've cited do not stand for the proposition. In any way, shape, manner, or form that the word the in any statute, not just the two statutes that are at issue in those case is determinative. Let me just take the false claim act statute. The issue of the word the and that instance is it related to a United States official and because it was false claims act. There was a question about whether a private party. You know what, how, how the private party works in the context of the statute that talks about a US official. So you have to look at the in the context of the statute. There's nothing Determinative about those cases that change the fact that the is simply one of the rules are one of the things that you look, look at in a statutory interpretation case. And again, I would say if they if shirts really thought that They would have taken on bonk opinion up to the Supreme Court to seek certiorari on that, but they did not I do want to mention before I run out of time that If you look at just Article three question shirts is effectively conceded that the civil opinion as it stands today, if it applies precludes them from having Article three standing I do want to mention that if the court were ever to look at the question of prudential standing Which it does not have to reach if if there's no Article three standing that there is no prudential standing here Miss noble mentioned the Beckham case. I'll mention it as well. It's a it's a thoughtful analysis of prudential standing and the basic issue. There's 1926 be protects rural utilities. From encroaching cities that are trying to is this court said in Bear Creek skim the cream of their best service territory 1926 be is an anti competitive provision and 1926 be is to protect the utility and utilities customers. It would be an odd thing. If an encroaching city. That is trying to take the customers of a rural utility that's federally indebted would in fact be within the zone of interest protected by the statute Beckham looked at that and said that's absolutely not the case and said that it doesn't fall within the the Zone of interest. There's one other issue that I want to mention. It's been briefed by us, but it has not been talked extensively and I think it's important for the court to understand. And that is In addition to Cibolo as a as a as a case that forecloses Article three standing. It's important for the court to know that Texas utility law grants in this case, a CCN to Green Valley. Texas law and in addition to federal law, Texas law provides the monopoly rights, the exclusive right to serve that shirts complains about it. I mentioned this because when you look at injury causation and redress ability under Lujan Shirts does not have the right to serve in Green Valley's territory. And it's not because of 1926 be alone. It's because Green Valley has a CCN that is an exclusive right to serve. It's 118 square mile area. It's a huge territory and shirts can't serve there, not just because of 1926 be but because Green Valley has a CCN granted by the Texas PUC that's an independent basis for those monopoly rights that that shirts complains about. And so put this in another in another way. Even if there were not a new federal loan that doesn't give shirts the right to serve customers inside of Green Valley's service territory. I see that my time is up. I'm happy to answer any questions that the court has any Okay, thank you, Mr. Terrell. We will turn back to Mr. Parker for rebuttal. You're going to need to unmute Mr. Parker. I know. That's a word we never used until the last year. That's right, Your Honor, and and Your Honor told me specifically to do that and I and I still didn't unmute so apologies on that. Your Honor. Shirts can serve under state law when it decertifies a portion of GB sides CCN. That's exactly what happened in the GB side case when the en banc court. Decided the way it did to reverse the district courts decision. The PUC is action the certifying a portion of GB suds CCN came back into place. And so that is exactly how We go about providing service within an area that state law previously had GB side as the sole provider. My friend would would suggest that we should petition for certs on a case that we won. I'm not even sure that we can do that procedurally. I can tell you, though, that I would get some arched eyebrows in Washington. If we tried to do that. But Judge Duncan agreed with this point. And that would be very important to them. Yes, Your Honor. I don't I yes, Your Honor. I don't, I don't think we can appeal. We can seek certiorari on a case where we just wanted to win on this additional reason as well. But the reason we want in that case was was great because the pipes in the ground rural rule is the correct rule. Of course, the en banc court said so. But beyond that, I think it speaks to this issue this case here. When you have a water CCN when you have a water 1926A loan that Provides 1926B protection for the water service to figure out if you have that protection, you look at those water pipes in the ground. Now, if I need sewer service. It's, it's great that I have a water pipe going to my house, but that doesn't help me if the nearest sewer pipe is 30 miles away. And so the pipes in the ground test I think dovetails specifically here with is the focus under the pipes in the ground test is the physical ability to make that service available and it's that physical ability to make the service available, which was funded Created by the project, which is funded by the federal loan, which is at issue and The physical ability slash pipes in the ground test only works when the service means the service that is funded by the federal law. Lastly, Your Honor. I just want to talk quickly about the the two points made by the USDA. On final agency action that the This loan is not closed. But all that is left to do is execute the closing documents, the decisions have been made. And that's the test for final agency action is final agency decision making over And yes, it is. And don't take my word for it. Take the word of of the form that they issue this is form RD 1940 dash 17 I believe and it says that all of the committee and administrative determinations have been made. Closing of this loan isn't an additional decision. It's merely the implementation, the execution of the decision that's already been made. And lastly, Your Honor on prudential standing is as the court knows prudential standing results in dismissal with prejudice and the court can't absent across appeal, which isn't present here. Can't substitute a dismissal without prejudice for a dismissal with prejudice that would give the Apple. He's more than they got at the district court level. For these reasons, Your Honor, we have pleaded Standing assuming civil oh is no longer good law, as I think we have to in light of the en banc decision. And in light of recent Supreme Court precedent. We did plead sufficient facts for the immediate term. What we didn't plead the district court held With sufficient facts to say that that we have an injury after that love that water loan. Expires in 2043 we didn't have enough injury or we didn't plead enough injury to show that 17 year period from 2043 to 2060 civil oh is not good law and we have injury today we've pleaded that and therefore we asked the court to reverse the decision that district court. Thank you. Okay. Thank you, counsel. We have everybody's arguments cases under submission and you are free to go. Thank you, Your Honor.